# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-717-FDW-DCK

| | |
|---|---|
| OTTO INDUSTRIES NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE PHOENIX INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant The Phoenix Insurance Company's Motion To Compel Appraisal And Stay Lawsuit And For Finding That Kevin Grudzien Is Not An Impartial Appraiser" (Document No. 23) and "Defendant The Phoenix Insurance Company's Motion To Modify Case Management Order And Stay Discovery And For Protective Order" (Document No. 27). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are now ripe for review. Having carefully considered the motions, the record, and applicable authority, the undersigned will deny the motions.

## BACKGROUND

Otto Industries North America, Inc. ("Plaintiff" or "Otto") initiated this action with the filing of its "Complaint And Demand For Jury Trial" (Document No. 1) on October 30, 2012. The Complaint alleges that The Phoenix Insurance Company ("Defendant" or "Phoenix") has failed to meet its obligations under insurance Policy No. Y-630-1432P351-PHX-11 (the "Policy"), issued to Plaintiff for the period January 1, 2011 through January 1, 2012. (Document No. 1, p.3). Specifically, Plaintiff asserts claims for: (1) declaratory relief; (2) breach of

contract; (3) common law bad faith; and (4) unfair and deceptive trade practices in violation of N.C.Gen.Stat. § 75-1.1 *et seq.* (Document No. 1).

"Defendant The Phoenix Insurance Company's Answer And Affirmative Defenses To Complaint" (Document No. 13) was filed on December 14, 2012. The parties' "Certification And Report of F.R.C.P. 26(f) Conference And Proposed Discovery Plan" (Document No. 14) was filed on January 2, 2013. The "Certification And Report…" provided that Defendant would file a motion to dismiss Counts III and IV of the Complaint, but did not mention any need to stay this matter. (Document No. 14). "Defendant The Phoenix Insurance Company's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Or, In The Alternative, For Judgment On The Pleadings Addressed To Claims Three And Four Of The Complaint" (Document No. 19) was filed February 15, 2013. The motion to dismiss is fully briefed and will be ruled on by the presiding district judge, the Honorable Frank D. Whitney.

Based on the parties' "Certification And Report…" (Document No. 14), Judge Whitney issued a "Case Management Order" (Document No. 21) on February 19, 2013. Among other things, the "Case Management Order" requires the parties "to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failing this, the parties are required, within fourteen (14) calendar days after a discovery dispute *arises*, to schedule and submit to an informal telephonic conference." (Document No. 21, p.5) (emphasis added).

On March 8, 2013, Defendant filed its "…Motion To Compel Appraisal And Stay Lawsuit…" (Document No. 23), and then on April 1, 2013, Defendant filed its "Motion To Modify Case Management Order And Stay Discovery And For Protective Order" (Document No. 27). The undersigned's office was not contacted regarding a request for a telephone conference until on or about April 18, 2013, more than fourteen (14) days *after* the pending

2

motions were filed, and at least partially briefed, and apparently long after the underlying dispute(s) had arisen. Under the circumstances, the undersigned declined to hold a telephone conference, but took the suggestion of holding a hearing under advisement. The pending motions are now fully briefed and ripe for disposition. The Court is not persuaded that a hearing would be helpful in ruling on the pending motions.

## DISCUSSION

Defendant contends that "initiation of, participation in, and completion of the appraisal process was a condition precedent to the commencement of this lawsuit against Phoenix by Otto." (Document No. 23, p.1). Defendant alleges that Plaintiff initiated an appraisal of the claim that is the subject of this lawsuit, but then in violation of the terms of the insurance policy and North Carolina law, filed suit before the appraisal was completed. (Document No. 23, pp.1-2). Defendant now seeks to compel the appraisal process Plaintiff initiated. (Document No. 23).

Plaintiff asserts that "[t]his action involves disputed issues of coverage and allegations of bad faith conduct by Phoenix that cannot be resolved by appraisal and that properly must be resolved before any appraisal could be conducted." (Document No. 26, p.1). Plaintiff contends that Defendant has repudiated the appraisal process, and sought to unilaterally change the Policy's appraisal provision. (Document No. 26, p.2). Plaintiff further argues that Defendant's demand for appraisal should be barred based on Defendant's conduct in this litigation – filing to dismiss, negotiating a proposed schedule for the Court, and receiving discovery – all without revealing any intention to seek to stay this action and compel appraisal. Id.

Defendant's "…Motion To Modify Case Management Order And Stay Discovery…" (Document No. 27) seeks very similar relief as the previous motion discussed above. Essentially, Defendant again asserts that this lawsuit should be stayed and the parties compelled

3

to pursue an appraisal process. (Document No. 27). Defendant relies heavily on a recent decision of the North Carolina Court of Appeals, Patel v. Scottsdale Ins. Co., 728 S.E.2d 394 (N.C.App. 2012), to support its contention that an "appraisal is a condition precedent to suit." (Document No. 28). Defendant also suggests that since it has filed a motion to dismiss the claims that are arguably unrelated to the parties' valuation dispute, then all discovery in this matter should be stayed. Id.

Plaintiff persuasively distinguishes the instant action from Patel as follows:

> Unlike Patel, this action involves disputed issues of coverage that under settled North Carolina law cannot be resolved by appraisal. These issues, including the number of occurrences, the existence and scope of coverage for equipment breakdowns after January 1, 2012, and whether repair or replacement coverage is appropriate, all involve the interpretation and application of the terms and conditions of the Phoenix policy. Under North Carolina law, the power of an appraiser is limited to the valuation of loss, and does not include deciding legal questions of policy interpretation or scope of coverage. This action also involves allegations concerning Phoenix's bad faith conduct that are not subject to appraisal and on which Otto is entitled to pursue discovery.

(Document No. 30, pp.1-2). Plaintiff concludes that Defendant's motions "are nothing more than attempts to delay these proceedings and avoid resolution of Otto's claims." (Document No. 30, p.8). Plaintiff contends it "should be permitted to resolve the pending coverage issues first or, at a minimum, take discovery in parallel with any appraisal." (Document No. 30, p.9).

After careful consideration of the parties' arguments and the record of this case, the undersigned finds that Defendant's motions to stay this case should be denied. Under the circumstances, the undersigned is persuaded that discovery should proceed – as proposed by the parties, and ordered by Judge Whitney. See (Document Nos. 14 and 21). The undersigned will decline to compel the parties to pursue appraisal at this time; however, it appears that the parties agree that the appraisal process will ultimately be a part of the resolution of this matter. As such,

4

the undersigned encourages the parties to pursue an appraisal process parallel to Court-ordered discovery, as suggested by Plaintiff. (Document No. 30, p.9).

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Defendant The Phoenix Insurance Company's Motion To Compel Appraisal And Stay Lawsuit And For Finding That Kevin Grudzien Is Not An Impartial Appraiser" (Document No. 23) and "Defendant The Phoenix Insurance Company's Motion To Modify Case Management Order And Stay Discovery And For Protective Order" (Document No. 27) are **DENIED**.

**SO ORDERED**.

Signed: May 14, 2013

David C. Keesler
United States Magistrate Judge