# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-717-FDW-DCK

| | |
|---|---|
| OTTO INDUSTRIES NORTH AMERICA, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   **ORDER** |
| | ) |
| THE PHOENIX INSURANCE COMPANY, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the parties' request for a telephone conference pursuant to Judge Whitney's "Case Management Order" (Document No. 21). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the parties' arguments during a telephone conference on August 12, 2013, the record, and applicable authority, the undersigned will order Defendant to produce the requested discovery.

If, after a good faith attempt, parties are unable to resolve a discovery dispute without the Court's intervention, the "Case Management Order" provides for the following process:

> the parties are required, within fourteen (14) calendar days after a discovery dispute arises, to schedule and submit to an informal telephonic conference before the referral magistrate judge (or the presiding district judge, if the magistrate judge is unavailable prior to the expiration of the 14 days). The judicial officer presiding over such a teleconference shall have jurisdiction to: (i) mediate the parties' own resolution of the dispute; (ii) make a summary legal determination on the merits of the dispute, if appropriate; (iii) require the aggrieved party to file a written motion to compel and/or set an abbreviated briefing schedule, if appropriate; and (iv) award appropriate sanctions pursuant to Rule 37.

(Document No. 21, p.5).

In this case, the undersigned's chambers was contacted by counsel for Plaintiff and Defendant on August 6, 2013, requesting a telephone conference to discuss disputes over discovery. Specifically, Plaintiff sought documents and information related to Defendant's policies and/or manuals involving claims handling, and documents and information about Defendant's "reserves" related to the policy underlying this lawsuit. A telephone conference was scheduled by the undersigned's staff for August 8, 2013.

On August 8, 2013, the parties again contacted this office to inform the Court that Defendant's counsel had a conflict with the scheduled telephone conference and that Defendant requested a new date. The telephone conference was re-scheduled, and held on August 12, 2013, with Brian Church and John Shugrue representing Plaintiff, and Jon Berkelhammer and Thomas Gozdziak representing Defendant.

The undersigned observes that the rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

In short, Plaintiff asserts that the requested information is relevant to claims related to coverage of the insurance policy and valuation of its claims, and is needed for its remaining depositions. Defendant asserts that the requested information is not relevant.

After careful consideration of the parties' arguments during almost an hour of discussion about the issues, and noting the liberal standard cited above, the undersigned finds that the requested discovery should be allowed.  Therefore, Defendant should immediately produce the documents and information requested by Plaintiff and discussed during the telephone conference, including:  documents and manuals regarding claims handling and underwriting procedures and policies;  documents regarding interpretation of terms and/or conditions of any policy related to this lawsuit;  and documents regarding the "reserves" related to the underlying policy and/or issues in this lawsuit.  Of course, the undersigned expresses no opinion as to whether any of this information will be admissible at trial.

The undersigned notes that the discovery deadline in this matter is currently set for August 20, 2013, and that the parties report that depositions are on-going until that date.  As such, Court directs Defendant to immediately comply with this order and provide the requested information on a rolling basis, as soon as possible.  The requested discovery production should be completed no later than **August 15, 2013**.

**IT IS, THEREFORE, ORDERED** that Plaintiff's request for the discovery discussed during the telephone conference on August 12, 2013 is **GRANTED**.

Signed: August 13, 2013

David C. Keesler
United States Magistrate Judge